IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2158-BO

| | | |
|---|---|---|
| JAMES E. BENEFIELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BRAD PERRITT, | ) | |
| | ) | |
| Respondent. | ) | |

On July 22, 2013, James E. Benefield ("Benefield"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pet. [D.E. 1]. The court now conducts its initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. The court may sua sponte dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court dismisses Benefield's petition as untimely.

On March 25, 2002, in Jones County Superior Court, Benefield entered a guilty plea of one count of second degree murder and two counts of assault with a deadly weapon inflicting serious

---

[1] The petition in dated July 11, 2013, and filed July 22, 2013. The court will use this earlier date, July 11, 2013, in the calculation of petitioner's time.

injury. See Pet. at 1; Transcript of Plea, Attch. The trial court sentenced Benefield to consolidated sentence of 237 to 294 months' imprisonment. See Pet. At 1; Judgment and Commitment, Attch. Benefield did not appeal. Pet. at 2. On or about March 2, 2010, Benefield filed a motion for appropriate relief ("MAR") in Jones County Superior Court, which was later denied. Pet. at 4. On September 9, 2010, Benefield filed a petition for discretionary review in the Supreme Court of North Carolina which was dismissed on June 12, 2012. Pet. at 4, Attch., Supreme Court of North Carolina Court. Also attached to the petition is a filing entitled "Notice of Appeal and Petition for Discretionary Review, in alternative Petition for Writ of Certiorari" dated May 9, 2013.

As stated in footnote 1, Benefield signed his section 2254 petition on July 11, 2013, and filed it in this court on July 22, 2013. Pet., File Stamped at 1 and dated at 16. Benefield asserts multiple claims: ineffective assistance of counsel for counsel's failure to inform petitioner that intent is an element of second degree murder; ineffective assistance of counsel in that counsel misrepresented the terms of the plea and specifically the length of the sentence,; an involuntary plea; failure to notify petitioner of an aggravated sentence range; and the use of an inaccurate prior record level. Pet. 6–11. On January 16, 2014, Benefield filed a motion he labeled "Motion for Consideration of New Law and Newly Discovered evidence."

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); see also Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. Taylor, 186 F.3d at 560–61. The period between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 130 S. Ct. 2549, 2554, 2556 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The statutory period then resumes after the state court of appeals denies post-conviction relief to a petitioner. See, e.g., Holland, 130 S. Ct. at 2556; Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because Benefield did not appeal to the North Carolina Court of Appeals, his conviction became final no later than April 8, 2002, when the fourteen-day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2) (providing that notice of appeal may be filed within fourteen days of judgment); Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). The statutory period then began to run on April, 2002, and ran for 365 days until it expired. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Benefield's March 2,

3

2010, MAR and other postconviction filings did not reopen his time for filing a habeas petition. See id.. Thus, Benefield's petition is approximately 8 years out of time. Accordingly, absent equitable tolling, Benefield's July2013 petition is untimely.

Under AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland, 130 S. Ct. at 2560–62. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir. 2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Benefield states that he filed his motions pro se and followed the procedures, and thus he does not believe the statute of limitations does not apply to him. Pet. at 14. Benefield has not demonstrated diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition. Unfamiliarity with the legal process, lack of representation, and even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris v. Hutchinson, 209 F.3d 325, 330–31 (4th Cir. 2000) (collecting cases); Snyder v. Warden, No. ELH–11–1392, 2011 WL 3665029, at *2 (D.Md. Aug. 18, 2011). Thus, Benefield has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling

4

on this ground. Because he has not demonstrated that he is entitled to equitable tolling, this action is time-barred.

Lastly, Benefield also asserts in his January 2014 filing that he had just become aware of two 2012 Supreme Court cases, Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012), which are the newly discovered evidence and law and provide relief. To the extent he seeks equitable tolling, the request fails. To the extent that petitioner argues his habeas petition should be considered timely under § 2244(d)(1)(C) based on recent Supreme Court cases that were filed after his state judgment became final, this argument will be denied. Several courts have considered the question and found that Lafler and Frye did not announce a new right rather the Supreme Court simply discussed well-known principles regarding an attorney's responsibility under the Sixth and Fourteenth Amendments during plea negotiations. The courts that have considered the issue of retroactivity have held that these decisions are not retroactive to cases on collateral review because the Supreme Court did not announce a new rule of constitutional law. See, e.g., In re Graham, 714 F.3d 1181, 1182–83 (10th Cir.2013) (per curiam); In re Perez, 682 F.3d 930, 932–34 (11th Cir.2012); In re King, 697 F.3d 1189 (5th Cir.2012); Hare v. United States, 688 F.3d 878, 880 (7th Cir.2012). Based on the foregoing, petitioner's § 2254 petition is untimely under § 2244(d)(1)(C).

In sum, the court DISMISSES petitioner's application for habeas corpus relief [D.E. 1] as time-barred and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The motion for consideration of newly and evidence is likewise DENIED [D.E. 2]. The clerk shall close the case.

SO ORDERED. This 4 day of April 2014.

TERRENCE W. BOYLE
United States District Judge

5